IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

```
IN RE MENTOR CORP. OBTAPE          *   MDL Docket No. 2004
                                       4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS      *
                                       Case No.
LIABILITY LITIGATION               *   4:10-cv-5058 (L. Liszka)
```

O R D E R

Defendant Mentor Worldwide LLC ("Mentor") developed a suburethral sling product called ObTape Transobturator Tape ("ObTape"), which was used to treat women with stress urinary incontinence.  Plaintiff Linda Liszka ("Liszka") was implanted with ObTape, and she asserts that she suffered injuries caused by ObTape.  Liszka brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries.  Liszka also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape.  Mentor contends that Liszka's claims are barred by the applicable statutes of limitation.  For the reasons set forth below, the Court agrees, and Mentor's Motion for Summary Judgment (ECF No. 74 in 4:10-cv-5058) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Liszka, the record reveals the following.

Liszka is a resident of the State of New York, and all medical treatment related to Liszka's claims occurred in New York. Liszka visited Dr. Masood Naim on May 27, 2004 because she was experiencing loss of urine with coughing and laughing and an increase in urinary urgency. Def.'s Mot. for Summ. J. Ex. A, Naim Dep. 82:22-83:25, ECF No. 74-4 in 4:10-cv-5058. Dr. Naim implanted ObTape in Liszka on July 1, 2004. After the surgery, Liszka developed several infections. Because of pain, discomfort and discharge, Liszka went to see Dr. Cathy Berry in September 2005. Dr. Berry prescribed various treatments for Liszka between September 2005 and November 2005. Although Liszka's symptoms improved, the treatments did not eliminate her symptoms.

Liszka continued to experience symptoms such as vaginal discharge, odor, and painful sexual intercourse.  On October 5, 2006, Liszka visited Dr. Berry and reported that her partner was feeling scratched by something during intercourse.  Dr. Berry examined Liszka and found a piece of exposed ObTape extruding from Liszka's vagina.  Dr. Berry sent Liszka back to Dr. Naim, who informed Liszka on October 6, 2006 that her ObTape had eroded and that she would need surgery to excise it.  Liszka believed as of October 6, 2006 that the ObTape was not working properly, that the ObTape had not properly integrated into her body, and that something was wrong with the ObTape.

On October 19, 2006, Liszka had surgery to remove the ObTape.  Dr. Naim informed Liszka that her ObTape was not functioning properly and that infection had developed that was associated with the ObTape.  After the excision surgery, Liszka's symptoms improved.  Her infection cleared, and the degree of discharge and odor improved dramatically.  Def.'s Mot. for Summ. J. Ex. B, Liszka Dep. 225:18-226:8, ECF No. 74-5 in 4:10-cv-5058.  Liszka attributed the improvement in her symptoms to the removal of the ObTape.

In 2008, Liszka conducted internet research to learn about cures for vaginal discharge and odor.  In October or December 2008, Liszka found an internet advertisement regarding complications from vaginal sling products.  *Id.* at 252:18-253:8.

3

Based on the ad, Liszka decided to talk with an attorney regarding her experience with ObTape.

Liszka filed this action in the United States District Court for the Central District of California on July 29, 2010. *See generally* Compl., ECF No. 1 in 4:10-cv-5058. The action was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. In her Complaint, Liszka asserts the following claims against Mentor: failure to warn, Compl. ¶¶ 68-79; design defect, *id.* ¶¶ 80-89; manufacturing defect, *id.* ¶¶ 90-95; negligence, *id.* ¶¶ 96-102; intentional infliction of emotional distress, *id.* ¶¶ 103-106; breach of warranty, *id.* ¶¶ 107-114; negligent misrepresentation, *id.* ¶¶ 115-125; and failure to recall, *id.* ¶¶ 126-130.

## DISCUSSION

The Judicial Panel on Multidistrict Litigation transferred Liszka's diversity action from the United States District Court for the Central District of California to this Court for pretrial proceedings. Therefore, the Court must apply the choice-of-law rules of California, the transferor forum, to determine which state law controls. *Anschutz Corp. v. Merrill Lynch & Co.*, 690 F.3d 98, 112 (2d Cir. 2012); *accord Murphy v. F.D.I.C.*, 208 F.3d 959, 965 (11th Cir. 2000) ("Our system contemplates differences between different states' laws; thus a multidistrict judge asked to apply divergent state positions on a point of law would face a

4

coherent, if sometimes difficult, task.") (internal quotation marks omitted); *In re Nucorp Energy Sec. Litig.*, 772 F.2d 1486, 1492 (9th Cir. 1985) (noting that court must apply transferor court's choice-of-law rules).

In this action, Liszka and Mentor agree that under California's choice-of-law rules, New York's statutes of limitation apply to Liszka's claims. Under California law, if a cause of action that arose in another state is time-barred in that state, then it is also time-barred in California. Cal. Civ. Proc. Code § 361 ("When a cause of action has arisen in another State . . . and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State[.]"). It is undisputed that Liszka is a citizen of New York and that she received all medical treatment relevant to this action in New York. Therefore, as Liszka acknowledges, her cause of action arose in New York, and New York's statutes of limitation apply.

Liszka does not dispute that the majority of her claims are personal injury claims and that New York's three-year statute of limitations applies to those claims.[1]  *See* N.Y. C.P.L.R. § 214(5)

---

[1] Liszka also asserts a claim for intentional infliction of emotional distress.  Under New York law, the statute of limitations for such a claim is one year. *Goldner v. Sullivan, Gough, Skipworth, Summers & Smith*, 482 N.Y.S.2d 606, 608 (N.Y. App. Div. 1984) (citing N.Y. C.P.L.R. 215(3)).  A cause of action for intentional infliction of emotional

(stating that "action to recover damages for a personal injury" must be commenced within three years).  A personal injury claim based on the latent effects of exposure to a toxic substance accrues on "the date of discovery of the injury by the plaintiff or . . . the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier."  N.Y. C.P.L.R. § 214-c(2).  Liszka urges the Court to conclude that she did not reasonably discover her injury until (1) she was aware of her bodily symptoms, (2) she was aware the bodily symptoms were caused by ObTape, and (3) she became aware that ObTape might be defective.  Thus, Liszka argues that the three-year statute of limitations did not begin to run until October 2008, when she "began to learn of the dangers associated with ObTape" based on her internet research.  Pl.'s Mem. in Supp. of Her Opp'n to Def.'s Mot. for

---

distress "accrues on the date of injury."  *Wilson v. Erra*, 942 N.Y.S.2d 127, 129 (N.Y. App. Div. 2012).  Liszka does not seriously dispute that she became emotionally upset when she experienced difficulties with ObTape in 2006.  Liszka asserts that she "began to learn of the dangers associated with ObTape on or around the first part of October 2008" and that the statute of limitations should begin running from that date.  Pl.'s Mem. in Supp. of Her Opp'n to Def.'s Mot. for Summ. J. 14, ECF No. 75.  Whether Liszka's intentional infliction of emotional distress claim accrued in 2006 or 2008, however, the claim is time-barred because Liska did not file this action until July 29, 2010.
     In addition to her product liability claims and her intentional infliction of emotional distress claim, Liszka also brought a claim for breach of warranty.  For purposes of this Order, the Court presumes that the statute of limitations for a breach of warranty claim based on personal injury damages is the statute of limitations for personal injury claims, and neither party has suggested otherwise.

Summ. J. 14, ECF No. 75.  Liszka's interpretation of New York law, however, is wrong.

Under New York law, an injury is discovered and the time for bringing an action under the statute begins to run "when the injured party discovers the primary condition on which the claim is based."  *Wetherill v. Eli Lilly & Co. (In re N.Y. Cnty. DES Litig.)*, 678 N.E.2d 474, 475 (N.Y. 1997).  In other words, "discovery of the injury" is complete when the injured party discerns her bodily symptoms.  Such discovery for statute of limitations purposes is not delayed until she discovers that exposure to a foreign substance may have caused those symptoms.[2]  *Id.* at 476-77.  The New York Court of Appeals has specifically rejected the argument Liszka makes here—that the statute of limitations does not begin to run until the injured party has a reasonable belief that there is a causal connection between a defective product and her symptoms.  *Id.* (rejecting, for example, *Braune v. Abbott Labs.*, 895 F. Supp. 530, 553 (E.D.N.Y. 1995), which concluded that the New York Court of Appeals would construe

---

[2] If, however, scientific knowledge has not yet revealed that a toxic substance might have caused the injured party's symptoms, then the injured party is given an extension of time to commence the action. *Wetherill*, 678 N.E.2d at 477; *accord* N.Y. C.P.L.R. § 214-c(4) (providing that where the discovery of the *cause* of an injury occurs less than five years after discovery of the injury, an action may be commenced within one year of the discovery of the injury's cause).

§ 214-c(2) to require a "plaintiff's awareness of both her medical problem and its cause by some human intervention").[3]

Here, Liszka knew of her bodily symptoms—pain, discomfort, discharge, and erosion of the ObTape through her vagina—by October 2006 at the latest. Therefore, under *Wetherill*, Liszka discovered her injury in October 2006. *See Wetherill*, 678 N.E.2d at 475 (stating that a cause of action under N.Y. C.P.L.R. § 214-c(2) begins to run "when the injured party discovers the primary condition on which the claim is based"). Moreover, even if Liszka's causes of action did not accrue until she learned of the connection between ObTape and her symptoms, her claims would still be time-barred. Liszka knew in October 2006 that ObTape was the likely cause of her bodily symptoms. The only information Liszka claims she did not know in October 2006 was that ObTape might be *defective*. Her ignorance of the alleged *defectiveness* of ObTape, however, does not rescue her claim. Although a New York statute, N.Y. C.P.L.R. § 214-c(4), extends the filing deadline for one year after an injured party discovers the cause of her injury under certain circumstances, it does not contemplate that the statute of limitations is extended until the injured party herself can connect the injury to a specific cause. Rather, the statute of limitations is extended only until "the time when information is

---

[3] New York's rule is more stringent than the rule adopted in some other states. *See, e.g., In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.,* 711 F. Supp. 2d 1348, 1379-80 (M.D. Ga. 2010) (applying Georgia law).

8

sufficient for the technical, medical or scientific community to ascertain the cause of an injury"—not until a "reasonable layperson or lawyer" could ascertain that a viable cause of action exists. *Giordano v. Mkt. Am., Inc.*, 941 N.E.2d 727, 733 (N.Y. 2010). Moreover, the statute itself requires Liszka "to allege and prove that technical, scientific or medical knowledge and information sufficient to ascertain the cause of [her] injury had not been discovered, identified or determined prior to the expiration of the period within which the action or claim would have been authorized." N.Y. C.P.L.R. § 214-c(4). Liszka has not pointed the Court to any such evidence. For all of these reasons, the Court concludes that Liszka discovered her injury in October 2006, so she was required to file her action by October 2009. Liszka did not file her action until July 2010, and her claims are therefore time-barred.[4]

Although the Court has no reservations about the correctness of its interpretation of New York law, it does observe that even if it accepted Liszka's argument that her discovery of her injury was not complete until she learned that ObTape might be defective, Liszka's claims are *still* time-barred under New York's discovery rule because an action must be brought within one year of the

---

[4] The Court notes that Liszka filed a previous action regarding ObTape in California state court in August 2009. Liszka voluntarily dismissed that action without prejudice. Liszka has not argued that her present action is saved by a renewal statute or a similar mechanism for extending the statute of limitations.

discovery of the injury's cause. N.Y. C.P.L.R. § 214-c(4). Liszka asserts that she learned that ObTape might be defective in October 2008, so her deadline for filing this action, even under the most liberal interpretation of § 214-c(4), was October 2009.

Finally, the Court rejects Liszka's equitable estoppel argument as meritless. While a defendant may be estopped from pleading a statute of limitations defense if the defendant took specific actions to keep a plaintiff from timely bringing suit, *e.g., Robare v. Fortune Brands, Inc.*, 833 N.Y.S.2d 753, 755-56 (N.Y. App. Div. 2007), Liszka acknowledges that she was aware in October 2008—well before the statute of limitations expired—that ObTape might be defective and that Mentor had not disclosed such information to her.

## CONCLUSION

As discussed above, Liszka's claims are barred by the applicable statutes of limitation. Therefore, Mentor's Motion for Summary Judgment against Liszka (ECF No. 74 in 4:10-cv-5058) is granted. Since today's Order terminates this individual action, the Clerk is directed to notify the Clerk of the transferor Court and the Clerk for the Panel on Multidistrict Litigation by forwarding to them a copy of this Order.

IT IS SO ORDERED, this 9th day of January, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
